UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN J. BECKER,

Plaintiff,

v.

**DECISION AND ORDER**
25-CV-305-A

BUFFALO PUBLIC SCHOOLS,

Defendant.

This employment discrimination case filed by *pro se* plaintiff Kevin Becker was referred (Dkt. No. 5) to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings. Plaintiff alleges that Defendant Buffalo Public Schools discriminated against him and retaliated against him when Defendant failed to hire him as a health and physical education instructor or as a driving instructor, after he interviewed for those positions with Dr. Sue Baldwin and teachers employed by Defendant, in or about February 2022.

Defendant filed a motion to dismiss (Dkt. No. 3) Plaintiff's amended complaint (Dkt. No. 2) pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 12, 2026, Magistrate Judge Roemer issued a Report and Recommendation ("R&R") (Dkt. No. 9), recommending that Defendant's motion be granted in part and denied in part. Specifically, Magistrate Judge Roemer recommends dismissing Plaintiff's claims of disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); age discrimination in violation of the Age

Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (“ADEA”); and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (“Title VII”), the ADA, and the ADEA. Magistrate Judge Roemer recommends, however, that this Court allow Plaintiff’s claim of discrimination based on military status under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* (“USERRA”), to proceed. He also recommends granting Plaintiff leave to further amend his complaint pursuant to Federal Rule of Civil Procedure 15(a).

On March 25, 2026, Plaintiff filed objections (Dkt. No. 11) to the R&R. Defendant filed papers (Dkt. No. 16), both responding to Plaintiff’s objections and objecting to the recommendation that this Court deny Defendant’s motion to dismiss Plaintiff’s USERRA claim. Plaintiff thereafter filed a reply (Dkt. No. 20). For the reasons stated herein, the Court adopts the recommendations in the R&R.

**DISCUSSION**

A district court “must determine *de novo* any part of the magistrate judge’s disposition that has been properly objected to,” and “may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.” Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1); *see also* L. R. Civ. P. 72(b) (written objections “shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority”).

To start, Plaintiff suggests that Magistrate Judge Roemer failed to liberally construe his *pro se* amended complaint. On the contrary, the Magistrate Judge

cited this principle explicitly in the R&R (Dkt. No. 9, p. 6) before analyzing the motion to dismiss under this standard.

In his objections to the R&R, Plaintiff specifically objects to the recommended dismissal of his disability discrimination claim, only. *See* Dkt. No. 11, p. 8 ("By these objections, Plaintiff will focus on the Magistrate's [R&R] [sic] that the ADA claim should be dismissed."); *see also* Dkt. No. 11, p. 9 (heading in argument section pertaining only to the ADA claim).

"Under the relevant federal laws, in order to state a claim of employment discrimination based on a failure to hire, a complaint must set forth factual circumstances from which the Court can infer that it is plausible that the plaintiff was not hired because of unlawful discrimination." *Riddle v. Citigroup*, 13-CV-6833 (AKH), 2014 U.S. Dist. LEXIS 85406, *6 (S.D.N.Y. May 28, 2014). In other words, "[a]s with claims brought under other employment discrimination statutes like Title VII or the ADEA, the '*sine qua non*' of an ADA discriminatory action claim is that the discrimination must be because of the employee's [or prospective employee's] protected status." *Pustilnik v. Battery Park City Auth.*, No. 18-CV-9446 (RA), 2019 U.S. Dist. LEXIS 208527, *20 (S.D.N.Y. Dec. 3, 2019) (internal citation and quotation marks omitted). While a plaintiff does not have to make out a prima facie case at the motion to dismiss stage, he or she "must provide at least minimal support for the proposition that [the defendant] was motivated by discriminatory intent." *Id.* at *20-21 (internal citations and quotation marks omitted).

Magistrate Judge Roemer found that Plaintiff insufficiently pled this fourth element of an ADA discrimination claim, *i.e.*, that he suffered adverse employment

action because of his disability,[1] as the amended complaint does not include any factual allegations supporting an inference that Defendant failed to hire him because of his stated disability. To be sure, Plaintiff alleges in the amended complaint that Defendant was at least aware of his disabilities because Plaintiff addressed them during the hiring process. According to Plaintiff, he explained to Defendant's hiring representatives that he had plantar fasciitis and significant hearing loss in his right ear, but that with certain reasonable accommodations for those disabilities there would be no impediment to him carrying out the duties of the jobs to which he was applying. As alleged in the amended complaint, it was Plaintiff's "good faith belief" that Defendant's reason for ultimately not hiring him was "principally because of his disabilities." He deduces this from the asserted facts that (1) he was qualified/certified for the open positions; and (2) the "excuse" provided by Defendant for not hiring him was vague, that is, that he had received a "low score" from his interview(s) and was "lacking in certain skill sets."

As the Magistrate Judge commented, "Plaintiff appears to be asking the Court to conclude that because he has a disability and he was not hired for the job he sought, discrimination must have been the reason." Dkt. No. 9, p. 10. This Court agrees that Plaintiff's assertion amounts to "bald speculation." *Idlisan v. New York City Health & Hosps. Corp.*, 12-CV-9163 (PAE), 2013 U.S. Dist. LEXIS 163151, *15-16 (S.D.N.Y. Nov. 15, 2013) (dismissing plaintiff's discrimination claim under the

---

[1] Magistrate Judge Roemer assumed for the sake of argument (without holding as much) that Plaintiff's amended complaint had sufficiently pled the first three elements of a *prima facie* case of discrimination under the ADA.

ADA where plaintiff did not plead a "plausible nexus" between his disability and defendant's failure to hire him, as plaintiff did not allege defendant "gave non-disabled applicants preferential treatment, or that any [ ] employees [of defendant] made comments or took actions that could give rise to an inference of discriminatory animus"; instead, defendant simply "express[ed] his own personal belief, in a conclusory manner," that the no-hire decision was predicated on his disability); *see also Pustilnik*, 2019 U.S. Dist. LEXIS 208527, at *20-21 ("[Plaintiff]'s Complaint is devoid of facts that could buttress her assertion that the explanation for her termination was pretextual and that she was really terminated, at least in part, because of her disability.") (collecting cases); *Evert v. Wyo. Cnty. Cmty. Health Sys.*, 2017 U.S. Dist. LEXIS 69681, *14 (W.D.N.Y. May 4, 2017) ("A plaintiff's speculations, generalities, and gut feelings, however genuine, when they are not supported by specific facts, do not allow for an inference of discrimination to be drawn.") (internal citation and quotation marks omitted).

Plaintiff does not make any specific objections with respect to the recommended dismissal of his age discrimination and retaliation claims. As such, the Court need only conduct a clear error review of those portions of the R&R. *See Nambiar v. The Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) ("If a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error…A proper objection must be specific."); *S.J. v. New York City Dep't of Educ.*, No. 21-240, 2022 U.S. App. LEXIS 12053, at *3 n.1 (2d Cir. May 4, 2022) (summary order) ("[A] district court must conduct a *de novo* review of any portion of the report to which a specific objection is made on issues raised before the

magistrate judge, and the remaining portions of the report as to which no objections were made are reviewed for clear error[.]") (internal citations and quotation marks omitted). Nevertheless, the Court has also reviewed such recommendations *de novo*, and adopts the proposed findings as to Plaintiff's age discrimination and retaliation claims for the reasons stated in the R&R.

In its motion to dismiss, Defendant argued that Plaintiff's failure to exhaust his administrative remedies barred him from suing Defendant under the USERRA. Defendant has since forfeited this argument, and the Court adopts the Magistrate Judge's finding that Plaintiff's USERRA claim should not be dismissed on this ground because there is no exhaustion requirement set forth in that statute. Defendant instead objects to the recommended finding that Plaintiff's allegation—that he disclosed his veteran status during his job interview, and that Dr. Baldwin expressed "personal animus" against the military during the interview process—is "minimally sufficient" to show that Plaintiff's military service was a motivating factor in Defendant's decision to not hire him. Defendant argues "personal animus" is too generic a phrase to glean what Dr. Baldwin allegedly stated during the interview, and Plaintiff has also not alleged any "temporal connection" between his military service and Defendant's hiring decision.

"At the pre-answer stage, a plaintiff must plausibly allege his military service was a substantial or motivating factor in the alleged discrimination." *Blanchard v. Kiewit Power Constructors Co.*, 1:25-CV-423, 2026 U.S. Dist. LEXIS 42935, *24 (N.D.N.Y. Mar. 3, 2026). While a close call, given the alleged remarks made by Dr. Baldwin, who was aware of Defendant's status as a veteran of the U.S. Marine

Corps and who made such remarks in the context of the decision-making process to not hire Plaintiff, the Court agrees with the Magistrate Judge that Plaintiff's claim of discrimination under the USERRA should survive the motion to dismiss.

Last, this Court adopts the recommendation that Plaintiff be afforded an opportunity to amend his pleading to provide adequate factual allegations supporting his claims of disability discrimination, age discrimination, and retaliation. In an abundance of caution, and because the Court cannot conclude that amendments to these causes of action would be futile, Plaintiff may replead these claims.

## CONCLUSION

For the reasons set forth herein and in the R&R, Defendant's motion to dismiss (Dkt. No. 3) the amended complaint is GRANTED with respect to Plaintiff's discrimination claims under the ADA and ADEA, and Plaintiff's retaliation claims under Title VII, the ADA, and the ADEA, although Plaintiff shall have the opportunity to replead those claims, and the motion to dismiss is DENIED with respect to Plaintiff's discrimination claim under the USERRA.

If Plaintiff wishes to file a second amended complaint that corrects the deficiencies identified in this Decision and Order and in the R&R, he must do so within 30 days. As cautioned by the Magistrate Judge, conclusory, vague, or nonspecific allegations will be insufficient. Such second amended complaint must comply with Fed. R. Civ. P. 10. Plaintiff is also advised that any second amended complaint will completely replace the first amended complaint and should be captioned "Second Amended Complaint." Upon the filing of a second amended complaint, this case will be re-referred to Magistrate Judge Roemer.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

___*s/Richard J. Arcara*_______
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: November 12, 2026
Buffalo, New York